**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**LORETTA TYKOWSKI,**

    **Plaintiff,**

v.                                                                                                     **CASE NO.:**

**SUNCOAST CONTRACTORS SUPPLY, INC.,**
a Florida Profit Corporation**,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LORETTA TYKOWSKI, ("Tykowski" or "Plaintiff"), sues Defendant, SUNCOAST CONTRACTORS SUPPLY, INC. ("Suncoast" or "Defendant"), and alleges:

## NATURE OF CLAIMS

1. This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (FMLA).[1]

## JURISDICTION AND VENUE

2. This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Lee County, Florida.

4. Defendant is a Florida profit corporation with its principal place of business located at 3160 Kutak Rd, Fort Myers, FL 33916 in Lee County, Florida.

---

[1] Plaintiff has filed a Charge of Discrimination with the EEOC and the FCHR. Once the EEOC issues its right to sue, Plaintiff will seek leave to amend the instant Complaint to include a count of age discrimination.

5. Plaintiff was employed by Defendant in Lee County. All unlawful employment practices alleged to have occurred herein took place in Lee County.

6. Venue is proper in the Middle District of Florida, Fort Myers Division.

## FMLA COVERAGE AND ELIGIBILITY

7. At all times material, Defendant employs 50 or more employees for each working day during each of 20 or more calendar workweeks. Defendant was an employer as defined by the FMLA, 29 U.S.C. §2611(4), and its interpretive regulations, 29 C.F.R. §825.102, §825.104(a) and §825.104(c)(2).

8. At all times material, Plaintiff was employed by Defendant for at least 12 months and for at least 1,250 hours of service with Defendant during the previous 12-month period. Plaintiff is an "Eligible Employee" as defined by the FMLA, 29 U.S.C. 2611(2) and its interpretive regulations, 29 C.F.R. §825.102 and §825.110.

## STATEMENT OF FACTS

9. Defendant is a contractor supply company based in Fort Myers, Florida.

10. Plaintiff worked for Defendant from December 1996, to January 2019.

11. Defendant was employed full time at first as a door shop technician, and later as a lock technician, keying locks for Defendant.

12. During her employment with Defendant, Plaintiff was never disciplined or written up for inadequate work performance or other misconduct.

13. On or about November 12, 2018, Plaintiff began to experience severe pain in one of her knees.

14. Plaintiff's knee pain was a serious health condition that made Plaintiff unable to perform the functions of her job.

15. Plaintiff was forced to miss work and seek medical help.

16. Defendant was made aware of Plaintiff's severe knee pain and her need for time off as soon as possible and practical.

17. Plaintiff's pain was not foreseeable, and she was unable to provide Defendant with more advanced notice.

18. Defendant was provided with enough information to know that the leave may be covered by the FMLA.

19. On or about November 15, 2018, Plaintiff was forced to go to the emergency room because the pain became unbearable.

20. Plaintiff was scheduled to go into surgery to repair what the doctors thought was a torn tendon.

21. On November 21, during surgery, the surgeon discovered a serious and potentially life-threatening infection in Plaintiff's knee.

22. Plaintiff was forced to take time off to fight off the infection and go to physical therapy.

23. Defendant was made aware of Plaintiff's infection and need for time off as soon as possible and practical.

24. Plaintiff's need for surgery and infection treatment was not foreseeable, and she was unable to provide Defendant with more advanced notice.

25. Defendant was provided with enough information to know that the leave may be covered by the FMLA.

26. After a few weeks, Plaintiff was cleared by her doctor to return to work.

27. At the time, she still had an intravenous port in her arm to administer antibiotics.

28. Plaintiff returned to work but was sent home by Defendant and told she cannot return to work while she still had the port in her arm.

29. Once Plaintiff's intravenous port was removed, on or about January 8, 2019, Plaintiff again returned to work.

30. This time, Defendant terminated Plaintiff citing errors she had made but did not detail what those errors were and did not present any documentation of the alleged errors.

## COUNT I – Family Medical Leave Act

### (Interference with Plaintiff's Exercise of FMLA Rights)

31. Plaintiff realleges and incorporates allegations 1-30.

32. Plaintiff qualified for FMLA for her own serious health condition.

33. Defendant interfered with, restrained, or denied the exercise of or the attempted exercise of Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) in one or more of the following ways:

   a. By failing to give Plaintiff notice of eligibility and her rights under the FMLA;

   b. By failing to recognize Plaintiff's FMLA leave and by failing to designate such leave as protected leave under the FMLA;

    c. By denying and/or failing to approve continuation of FMLA leave when it was available;

    d. By failing to restore Plaintiff to her position at the expiration of her FMLA protected leave;

    e. By terminating Plaintiff for using FMLA protected leave.

34. Plaintiff has suffered damages as a result of the Defendant's interference.

35. Defendant's interference was willful; furthermore, Defendant's assertions to Plaintiff regarding her FMLA rights or lack thereof were objectively unreasonable under 29 U.S.C. § 2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief under Count I:

    a. Lost wages and benefits, including back pay and front pay;

    b. Interest on said lost wages and benefits;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. All such other relief as the court deems proper.

**LINDSAY & ALLEN, PLLC**

/s/ *Victor R. Bermudez*
Todd B. Allen, Esq.
Florida Bar No. 83990
Kelsey L. Hazzard, Esq.
Florida Bar No. 99795
Victor R. Bermudez, Esq.
Florida Bar No. 1010344
*Trial Counsel for Plaintiff*
13180 Livingston Road, Suite 206
Naples, FL 34109
(P) 239.593.7900 (F) 239.593.7909
todd@naples.law
kelsey@naples.law
victor@naples.law
nancy@naples.law
victoria@naples.law